*Decision will be entered under Rule 50.*

NORTHWEST EQUIPMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67534.    Promulgated April 21, 1936.

*H. S. Johnson, Esq.*, for the petitioner.
*S. B. Anderson, Esq.*, for the respondent.

## OPINION.

McMahon: The only question presented for decision is whether respondent erred in disallowing as a deduction for 1929 an amount of $7,892.17 claimed by petitioner as a debt ascertained to be worthless and charged off within that taxable year,[1] and thereby reducing, to that extent, the amount of net loss carried forward by petitioner as a deduction in computing its net income for 1930.[2]

---

[1] Sec. 23 (j), Revenue Act of 1928.
[2] Sec. 117 (b), Revenue Act of 1928.

It is to be noted that the agreement of May 4, 1929, between the petitioner and Petrie provides that "all indebtedness by the party of the second part to the party of the first part and by the party of the first part to the party of the second part * * * *is paid in full and liquidated as of this date.*" (Emphasis supplied.) There is no showing by the petitioner that the indebtedness of Petrie to it was not thus paid in full and liquidated.

The agreement does not state the amount of indebtedness of Petrie to the petitioner but the evidence discloses that such indebtedness, of which petitioner then had knowledge, was in the amount of about $8,000. There is no evidence to show the amount of the petitioner's indebtedness to Petrie. The agreement does not set forth the figure or basis at which the 344 shares of stock of petitioner were included in the settlement. However, the evidence discloses, and we have found as a fact and now hold, that the stock had a fair market value at the time of transfer of $10 per share. Our finding is based upon opinion testimony and upon other evidence in the record. There is no evidence to show a different value. Considerations thus moving from Petrie to the petitioner were stock of a value of $3,440 and the release of petitioner's indebtedness, in an undisclosed amount, to him. Considerations moving from the petitioner to Petrie were payment of $2,025.12 to the bank, payment of $100 to Petrie, and the release of Petrie's indebtedness to the petitioner in the approximate amount of $8,000. Furthermore petitioner accomplished its desired elimination of Petrie from its affairs to the mutual satisfaction of both parties to the agreement. It is our opinion, and we hold, that the indebtedness of Petrie to the petitioner was paid in full and liquidated as stated in the agreement. In any event, the petitioner has failed to show that it was not or that it suffered financial loss as a result of the indebtedness of Petrie to it. It may be added that in our opinion all the considerations moving between petitioner and Petrie must be considered as parts of one transaction; and the petitioner in its brief states in substance that it does not contend that the transfers were entirely separate, distinct, and unrelated.

After the payment in full and mutual liquidation of indebtedness by and between the petitioner and Petrie in conformity with the agreement of May 4, 1929, there was not, in fact or in law, any indebtedness owing from Petrie to the petitioner. Hence, the petitioner could not thereafter properly ascertain any of the indebtedness in question to be worthless and charge it off under the provisions of the revenue act.[3] The fact that the officers and stockholders of the petitioner were satisfied that the amount owing from Petrie

[3] See *American Felt Co. v. Burnet*, 58 Fed. (2d) 530.

to the petitioner was not otherwise collectible and the fact that the amount of Petrie's indebtedness was charged off the petitioner's books on December 31, 1929, is not determinative in the instant proceeding.

Even if we were to assume, for purposes of discussion only, that the indebtedness of Petrie to petitioner was not paid in full and liquidated as we have heretofore held, we would still have to hold against the petitioner for the reason that, upon the whole record, we would be unable to find or hold that Petrie's debt to the petitioner was worthless in whole or in part in 1929, as would be necessary to permit any of the claimed deduction.[4] The determination of the respondent has the support of a presumption of correctness and the petitioner has the burden of proving it to be erroneous. *Welch* v. *Helvering*, 290 U. S. 111. There is no evidence as to what steps, if any, the petitioner took to collect the indebtedness, other than as herein set forth, or to ascertain the financial condition of Petrie. There is some evidence to the effect that Petrie owed other debts, but their amount is not shown. The evidence does show that Petrie owned a house in Billings, Montana, and an interest in another company, which interest he later sold. There is no evidence as to the value of the house or his interest in the other company. The evidence also shows that Petrie had substantial earning capacity. For all we know Petrie may have been able to discharge his indebtedness to the petitioner in some way other than the way that was employed.

It may be added that there is evidence to show, and we have found as a fact, that after May 4, 1929, the petitioner discovered that in addition to the amount of about $8,000 Petrie owed it about $2,000 representing amounts which he had collected as its salesman on behalf of petitioner and had not turned in to the petitioner. This amount is not in issue under the pleadings, and petitioner makes no claim or contention about it; but in any event, upon the record, petitioner's right to its deduction has not been established, since it may "have represented a failure of" 1929 "profit rather than a loss" and there is no showing "that the amount is actually out of pocket or otherwise how it affects the taxpayer."[5]

There is nothing in the regulations or other authorities cited by the petitioner to the effect that a corporation realizes no gain or loss upon the purchase or sale of its own stock which justifies a different result in the instant proceeding, since there is here involved no issue as to gain or loss by the petitioner arising out of petitioner's purchase or sale of its own stock. Here we have only the issue as to

---

[4] *M. Rea Gano*, 19 B. T. A. 518; *Charles J. Bell, Executor*, 17 B. T. A. 1185; affd., *Thom* v. *Burnet*, 55 Fed. (2d) 1039; and *American Felt Co.*, 18 B. T. A. 504; affd., *American Felt Co.* v. *Burnet, supra.*

[5] See *Henry C. Taylor*, 34 B. T. A. 241.

whether certain indebtedness is deductible by petitioner under the bad debt provisions of the applicable statute, all as heretofore fully pointed out.

Upon the whole record the holding of the respondent is approved.

*Decision will be entered for the respondent.*